# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MARILYN HENDERSON,

       Defendant.

No. CR 05-0078-LRR

**ORDER**

_____

## TABLE OF CONTENTS

*I.*   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II.*   *PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*III.*   *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*IV.*   *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A.*   *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *B.*   *Conclusions of Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## I. INTRODUCTION

The matter before the court is Defendant Marilyn Henderson's November 19, 2005 Objections (docket no. 27) to the Report and Recommendation (docket no. 22) which denied Henderson's Motion to Suppress (docket no. 16).

## II. PROCEDURAL BACKGROUND

On September 8, 2005, Defendant was charged in a two count Indictment. Count 1 charges Defendant under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) with possessing, in and affecting commerce, a firearm, to wit: a rifle, Marlin, .22 LR, Model 60, on or about October 7, 2004 after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Count 2 charges Defendant under 18 U.S.C. §§ 922(g)(3) and 924(a)(2) with possessing, in and affecting commerce, a firearm, to wit: a rifle, Marlin .22 LR, Model 60, while being an unlawful user of a controlled substance, specifically marijuana, on or about October 7, 2004. The Indictment also contains a forfeiture provision. It provides that, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), by virtue of the commission of Counts 1 and 2, Defendant shall forfeit any firearm or ammunition involved in or used in the violation of 18 U.S.C. §§ 922(g)(1) or (g)(3).

On October 14, 2005, Defendant filed a Motion to Suppress (the "Motion") (docket no. 16). In such Motion, Defendant seeks to suppress the items seized pursuant to the October 7, 2004 search warrant. On October 24, 2005, the government filed a Resistance to Defendant's Motion (docket no. 19). On November 9, 2005, Chief Magistrate Judge John A. Jarvey held an evidentiary hearing on the Motion (the "Hearing"). Defendant was personally present and represented by counsel, Raphael Scheetz. Assistant United States Attorney C.J. Williams represented the government. On November 10, 2005, Judge Jarvey filed a Report and Recommendation (docket no. 22) recommending the denial of Defendant's Motion. On November 19, 2005, Defendant filed her Objections to the Report and Recommendation ("Objections") (docket no. 27). The court finds these matters to be fully submitted and ready for decision.

## III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant has made specific, timely objections to the Report and Recommendation. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

## IV. ANALYSIS

### A. Findings of Fact

Defendant objects to the following specific findings of fact by Judge Jarvey in the Report and Recommendation:

1.    That Assistant Linn County Attorney Jerry Vandersanden (sic) appeared before Judge Fae Hoover Grinde (sic) to assist in applying for the search warrant;

2.    That Officer Joecken was placed under oath before he presented any evidence by way of testimony or affidavit;

3.    That Judge Hoover-Grinde returned the warrant application to Officer Joecken and Mr. Vandersanden (sic) for their signatures after she was satisfied that probable cause existed; and

> 4. That the application and warrant were approved in Judge Hoover-Grinde's chambers.

For purposes of its *de novo* review of the factual findings, the court reviews these four objections as if there were three objections, that is, objection number one and three are analyzed together.

Defendant first objects to the findings that Assistant Linn County Attorney Jerry Vander Sanden appeared with Officer Joecken to apply for the warrant to search Defendant's residence and that Judge Hoover-Grinde returned the warrant application to both Officer Joecken and Mr. Vander Sanden. Defendant alleges that there is no evidence that Mr. Vander Sanden was in Judge Hoover-Grinde's chambers. Defendant asserts that Officer Joecken stated that he could not remember whether Mr. Vander Sanden was present when he presented the warrant to Judge Hoover-Grinde. During the Hearing, Judge Hoover-Grinde and Officer Joecken both testified that Mr. Vander Sanden's signature was on the warrant application. Although Officer Joecken testified that he could not be certain that Mr. Vander Sanden was with him when he requested the warrant, Officer Joecken explained that, in the past, Mr. Vander Sanden had always accompanied him to the judge's chambers after reviewing warrants. Therefore, the court concludes Judge Jarvey correctly found that Mr. Vander Sanden accompanied Officer Joecken to Judge Hoover-Grinde's chambers. Defendant's objection as to this factual finding is overruled.

Defendant next objects to the finding that Officer Joecken was placed under oath before he provided Judge Hoover-Grinde with evidence to support the warrant application. Defendant alleges that it is more likely that Officer Joecken was not sworn because Judge Hoover-Grinde did not sign the warrant indicating that he had been sworn. During the

Hearing, Judge Hoover-Grinde testified that since her appointment in January of 2004, she has reviewed warrant applications approximately fifteen to twenty times, and she could not recall any instance where she has deviated from her standard procedure. Judge Hoover-Grinde testified that she always asks an officer,

> as [he] is walking in or standing in front of [her] desk . . . to raise [his] right hand and to swear and affirm that the testimony [he] would give would be the truth, the whole truth, and nothing but the truth, and ask [him] to also swear and affirm that the contents of the affidavit that [he] was handing to [her] was also true and correct.

Judge Hoover-Grinde testified that she swears-in an affiant as soon as she determines that he or she is in her office to obtain a warrant and before reading the warrant application. She also testified that her failure to sign the blank indicating that she swore-in Officer Joecken was "merely an oversight" and not an indication that she did not swear-in Officer Joecken. Officer Joecken testified that he has applied for more than fifty warrants in the past four years. Officer Joecken testified that he has been "sworn every time [he's] done a search warrant or applied for a search warrant" and cannot recall an instance when a judge did not administer an oath. The court finds Officer Joecken swore to the truthfulness of the statements in his warrant application before Judge Hoover-Grinde. Defendant's objection as to this factual finding is overruled.

Defendant finally objects to the finding that Judge Hoover-Grinde reviewed the warrant application in her chambers. Defendant contends that Judge Hoover-Grinde testified that she could not remember where she signed the search warrant. During the Hearing, Judge Hoover-Grinde testified that she "assum[ed] she was at the office rather than at [her] house because there is a signature of Jerry Vander Sanden, one of the Linn County assistant attorneys." Officer Joecken testified that an Assistant Linn County

Attorney does not accompany him to the judge's residence when he seeks a warrant after hours, and, because Mr. Vander Sanden signed the warrant application, Officer Joecken believes that he met with Judge Hoover-Grinde in her chambers, instead of her residence. The court overrules Defendant's objection to this factual finding.

After a *de novo* review of the record, the court adopts the findings of fact contained in Judge Jarvey's Report and Recommendation.

### B. Conclusions of Law

In her Objections, Defendant asserts that the warrant issued on October 7, 2004, was fatally defective. Therefore, Defendant contends that the items seized pursuant to such warrant should be suppressed. Defendant contends that, because Judge Hoover-Grinde neglected to sign the warrant blank indicating that she had sworn in Officer Joecken, the warrant was fatally defective. In response, the government argues that the lack of a signature was merely an oversight and the actual warrant was signed. Alternatively, the *Leon* good faith exception saves the warrant.

In *United States v. Leon*, 468 U.S. 897, 914 (1984), the United States Supreme Court noted the strong preference for search warrants, and stated that in a doubtful or marginal case, a search under a warrant may be sustainable where, without one, it would fail. 468 U.S. at 914 (stating this preference is "effectuated by according 'great deference' to a magistrate's determination"). The Supreme Court devised a broad "good faith" exception to the exclusionary rule where officers reasonably relied upon a warrant. This "reasonable reliance" test is objective: "[O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id*. at 922 n.23. The Supreme Court has identified four narrow instances where the good faith exception would not apply: (1) where the magistrate issuing a warrant was mislead by information

6

in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandons the judicial role and becomes a "rubber stamp" for the government; (3) where the officer relies on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *Id.* at 923.

Defendant does not allege that (1) Officer Joecken misled Judge Hoover-Grinde in an attempt to obtain the warrant to search Defendant's residence; (2) Judge Hoover-Grinde abandoned her role as a neutral and detached magistrate; or (3) the warrant was based on an insufficient affidavit. There is also no indication that the warrant itself was so facially deficient as to identify the place to be searched or things to be seized. Defendant only contends that, because Judge Hoover-Grinde mistakenly failed to sign one of the blanks on the warrant application to show that Officer Joecken had been sworn, no reasonable officer could have relied on the warrant.

In *United States v. Hessman*, 369 F.3d 1016, 1020 (8th Cir. 2004), the Eighth Circuit Court of Appeals addressed an assertion that is almost identical to Defendant's argument. In *Hessman*, the officer seeking the warrant was located several miles from the magistrate judge, so he faxed an unsigned warrant application to the magistrate judge. Without speaking to the officer about the application or swearing him in, the magistrate judge signed the warrant and faxed it back to the officer. *Id.* at 1018. The defendant contended that, because the warrant application was both unsigned and unsworn, officers could not have reasonably relied on the warrant to search a defendant's residence. *Id.* at 1020. The Eighth Circuit Court of Appeals held that the *Leon* good faith exception applied in that circumstance. *Id.* at 1020. It noted that "penalizing the officer for the magistrate's

error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Id.* The Eighth Circuit Court of Appeals in *Hessman* relied in part on *Massachusetts v. Sheppard*, 468 U.S. 981 (1984), in which the Supreme Court held that an officer requesting a warrant is not required to disbelieve the judge who advises him that the signed warrant authorizes him to conduct the requested search. *Hessman*, 369 F.3d at 1021. The court noted that "even when a facially obvious error exists on a warrant" the *Leon* good faith exception applies. *Id.* (citing *United States v. Thomas*, 263 F.3d 805, 808-09 (8th Cir. 2001)).

It was certainly reasonable for Officer Joecken to rely on the warrant and Judge Hoover-Grinde's assurance that the warrant was sufficient for the requested search. Just as there was not Fourth Amendment violation in *Hessman*, there is no Fourth Amendment violation here.

The court agrees with Chief Magistrate Judge Jarvey's analysis and finds no merit in Defendant's Objection to the Report and Recommendation's conclusions of law.

## *V. CONCLUSION*

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1)    The court **OVERRULES** Defendant Marilyn Henderson's Objections to Report and Recommendation (docket no. 27).

(2)    The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and Recommendation of November 10, 2005 (docket no. 22).

(3)    The court **DENIES** Defendant Marilyn Henderson's Motion to Suppress (docket no. 16).

(4)    The period between the filing of Defendant's Objections and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial

8

motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**SO ORDERED.**
**DATED** this 30th day of November, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA